ELECTRONICALLY FILED - 2025 Aug 29 12:24 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3801280

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF ORANGEBURG<br><br>Raul Bedoya,<br>                                    Plaintiff,<br><br>vs.<br><br>Anthony Dean Denker & Denker Logistics, LLC<br>                                  Defendants. | IN THE COURT OF COMMON PLEAS FOR THE FIRST JUDICIAL CIRCUIT<br><br>CASE NO: 2025-CP-38-<br><br>**SUMMONS**<br>(Jury Trial Demanded) |

**TO THE DEFENDANT ABOVE-NAMED:**

**YOU is HEREBY SUMMONED** and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

                                                         **MORGAN & MORGAN, P.A.**
                                                         By:    /s/Jonathan Graham
                                                         Jonathan D. Graham
                                                         Bar No. 105763
                                                         E-Mail: jgraham@forthepeople.com
                                                         4401 Belle Oaks Drive, Suite 300,
Charleston, SC                                 North Charleston, SC 29405
                                                         (843) 947-6063
August 29, 2025.                       *Counsel for Plaintiff*

1

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF ORANGEBURG<br><br>Raul Bedoya,<br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Anthony Dean Denker & Denker Logistics, LLC<br>　　　　　　　　　　　　Defendants. | IN THE COURT OF COMMON PLEAS FOR THE FIRST JUDICIAL CIRCUIT<br><br>CASE NO: 2025-CP-38-<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff Raul Bedoya, by and through his undersigned attorney, complains of Defendants and alleges as follows:

### Parties, Venue, and Jurisdiction

1. Plaintiff Raul Bedoya was injured in the crash that is the subject of this action (the "Crash"). At all relevant times, Plaintiff Bedoya has been a resident and citizen of the State of South Carolina.

2. Defendant Anthony Dean Denker ("Defendant Driver") was driving the commercial motor vehicle that smashed into Plaintiff and caused Plaintiff's injuries in the Crash. Upon information and belief, Defendant Driver is and has been a resident and citizen of the State of North Carolina.

3. Defendant Denker Logistics ("Defendant Company") is a for-hire motor carrier which was engaged in interstate commerce. Defendant Company is incorporated and has its principal place of business in North Carolina.

4. Upon information and belief, at the time of the crash, Defendant Driver was an agent of Defendant Company in the course and scope of that agency.

5. On June 13, 2025, at the time of the Crash, Defendant Company was a for-hire

motor carrier, operating the commercial motor vehicle involved in this wreck through its agent Defendant Driver, carrying goods for compensation in interstate commerce.

6. Venue is proper in Orangeburg County because the acts and omissions giving rise to this cause of action took place in Orangeburg County, as further shown below.

7. This Court has personal jurisdiction over the parties and subject matter jurisdiction over the issues involved in this case.

## General Factual Allegations

8. On June 13, 2025, Defendant Driver was operating a commercial motor vehicle on Interstate 26 in Orangeburg County, South Carolina.

9. Defendant Driver and Plaintiff was both traveling west on I-26. Defendant Driver was following behind Plaintiff.

10. Defendant Driver was traveling too fast for the traffic conditions present on the road at the time of the Crash and was inattentive to the vehicles around him.

11. Defendant Driver, due to his excessive speed, his inattention to the road, or both, struck Plaintiff's vehicle from the rear.

12. As a result of Defendant Driver's negligence, Plaintiff as severely injured and required medical treatment.

## FOR A FIRST CAUSE OF ACTION
(Negligence *per se* Defendant Driver)

13. Plaintiff incorporates the foregoing paragraphs as if fully repeated verbatim here.

14. Defendant Driver owed Plaintiff statutory duties, including the duty to operate his vehicle as a reasonable and prudent person without colliding with other vehicles on the road and to maintain a speed appropriate for the conditions on the road. *See, e.g.*, S.C. Code Ann. § 56-5-1520(A).

3

15. Defendant Driver violated his statutory duties by failing to maintain a speed appropriate for the conditions on the road and by failing to operate his vehicle as a reasonable and prudent person without colliding with other vehicles on the road.

16. Defendant Driver's violation of his statutory duties constitutes negligence *per se*.

17. Defendant Driver's breach of his statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to compensatory, consequential, and punitive damages.

18. Defendant Driver's violations of his statutory duties caused Plaintiff's damages, including but not limited to the following:

    a. Past and future medical expenses,

    b. Emotional distress and anxiety,

    c. Physical pain and suffering,

    d. Mental anguish,

    e. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental wellbeing, and

    f. Other damages as will be shown in the discovery and trial of this case.

19. Because Plaintiff was injured as a direct result of Defendant Driver's violations of his statutory duties described above, Plaintiff is entitled to compensatory and consequential damages for personal injuries and property damage in the amount the jury determines at the trial of this case.

20. Defendant Driver's statutory violations also demonstrate such want of care as to show Defendant Driver was consciously indifferent to the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish

Defendant Driver for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Driver violated. Plaintiff also request appropriate costs, attorney fees, and interest.

### FOR A SECOND CAUSE OF ACTION
(Negligence as to Defendant Driver)

21. Plaintiff incorporates the foregoing paragraphs as if fully repeated verbatim here.

22. Defendant Driver owed Plaintiff a common-law duty to do the following:

    a. Keep a proper lookout,

    b. Maintain appropriate attention on the road while driving,

    c. Maintain his vehicle in a roadworthy manner,

    d. Operate his vehicle in a safe manner and at a safe speed, and

    e. Drive in a reasonably careful manner with respect for the rights and safety of others such as Plaintiff.

23. Defendant Driver breached his duty to Plaintiff in one or more of the following ways:

    a. Failing to keep a proper lookout,

    b. Driving while distracted,

    c. Failing to observe Plaintiff's vehicle,

    d. Driving in an unreasonable and careless manner without thought for the rights and safety of others, including Plaintiff, as shall be further shown in the discovery and trial of this case.

24. Defendant Driver's breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

25. Defendant Driver's negligent, grossly negligent, careless, reckless, willful, and wanton breach of his duty directly and proximately caused Plaintiff's injuries and Plaintiff's medical treatment. As a direct result of Defendant Driver's negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff have suffered or will suffer the following damages:

    a. Past and future medical expenses,

    b. Personal property damage,

    c. Emotional distress and anxiety,

    d. Physical pain and suffering,

    e. Mental anguish,

    f. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental wellbeing, and

    g. Other damages as will be shown in the discovery and trial of this case.

26. Because Plaintiff was injured as a direct result of Defendant Driver's acts and omissions described above, Plaintiff is entitled to compensatory and consequential damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

27. Defendant Driver's acts and omissions demonstrate such want of care as to show Defendant Driver was consciously indifferent both to the consequences of his acts and omissions and to the health, safety, and rights of Plaintiff's and others. Thus, in addition to Plaintiff's compensatory damages, Defendant Driver should also pay punitive damages in the amount the jury determines appropriate to punish Defendant Driver for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff private rights which Defendant Driver violated. Plaintiff's also requests whatever costs, attorney fees, and interest to which this Court

ELECTRONICALLY FILED - 2025 Aug 29 12:24 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3801280

determines they is entitled.

## FOR A THIRD CAUSE OF ACTION
(Vicarious Liability as to Defendant Company)

28. Plaintiff incorporate the foregoing paragraphs as if fully repeated here.

29. At the time of the Crash, Defendant Driver was acting as agent on behalf of Defendant Company.

30. Defendant Company, acting through its agent, is therefore vicariously liable for the negligent, careless, reckless, wanton, willful, and grossly negligent acts of Defendant Driver as set forth in the first and second causes of action.

31. Plaintiff thus asks this Court to enter judgment ordering Defendant Company to pay compensatory, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## FOR A FOURTH CAUSE OF ACTION
(Negligent Hiring, Training, Supervision, and Retention as to Defendant Company)

32. Plaintiff incorporate the foregoing paragraphs as if fully repeated here.

33. Defendant Company was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Driver to operate a vehicle on Defendant Company's behalf in one or more of the following ways:

   a. Failing to review Defendant Driver's driving history;
   b. Failing to assess Defendant Driver's driving skill;
   c. Hiring Defendant Driver to drive on Defendant Company's behalf despite Defendant Driver's history of unsafe driving;
   d. Failing to have policies and procedures to train or monitor Defendant Driver, or if such policies and procedures was in place, failing to enforce them;

ELECTRONICALLY FILED - 2025 Aug 29 12:24 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3801280

  e. Failing to ensure Defendant Driver had proper training and experience to operate a vehicle for Defendant Company in a safe and effective manner; and

  f. Otherwise failing to investigate Defendant Driver's skill and history with a vehicle, train Defendant Driver in proper driving procedures, supervise Defendant Driver's driving, to release Defendant Driver from employment due to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

34. Defendant Company knew or should have known that hiring, training, supervising, or retaining Defendant Driver posed a risk of foreseeable harm to third parties.

35. Defendant Company's breach of its duty constitutes an independent negligent action which proximately caused harm to Plaintiff as set forth in the first and second causes of action.

36. Thus, in addition to being vicariously liable for the harm Defendant Driver caused, Defendant Company is also independently liable for those harms, as its own negligence also proximately caused those harms.

37. Plaintiff thus ask this Court to enter judgment ordering Defendant Company to pay compensatory, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

### FOR A FIFTH CAUSE OF ACTION
(Negligent Selection of an Independent Contractor as to Defendant Company)

38. Plaintiff incorporate the foregoing paragraphs as if repeated verbatim here.

39. In the alternative, Defendant Driver may have been an independent contractor of Defendant Company.

40. Defendant Company owed Plaintiff a duty to exercise reasonable care in selecting an independent contractor who was suitably competent and careful given the risk of harm

associated with operating a commercial motor vehicle on public roadways.

41. The risk of harm associated with operating a commercial motor vehicle on public roadways is significant.

42. Defendant Company breached its duty of care in selecting an independent contractor because it knew or should have known that Defendant Driver was not suitably competent and careful given the significant risk of harm associated with operating a commercial motor vehicle on public roadways.

43. Defendant Company's negligent selection of Defendant Driver also proximately caused Plaintiff's harm as set forth in the first and second causes of action.

44. Defendant Company is therefore independently liable for the harms it caused to Plaintiff through its negligent selection of Defendant Driver.

45. Plaintiff thus ask this Court to enter judgment ordering Defendant Company to pay compensatory, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff ask this Court to order the Defendant pay compensatory, consequential, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines he is entitled to, and such other relief as this Court determines is just.

**DEFENDANTS AND HIS ATTORNEY is ADVISED THAT PLAINTIFF HAVE SERVED DISCOVERY REQUESTS WITH THIS SUMMONS AND COMPLAINT, INCLUDING INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS TO ADMIT. RESPONSES TO THESE DISCOVERY REQUESTS is DUE WITHIN 45 DAYS PER THE SOUTH CAROLINA RULES OF CIVIL PROCEDURE. IF DEFENSE COUNSEL LACKS COPIES OF ANY DISCOVERY REQUEST, CONTACT PLAINTIFF'S COUNSEL.**

ELECTRONICALLY FILED - 2025 Aug 29 12:24 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3801280

ELECTRONICALLY FILED - 2025 Aug 29 12:24 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3801280

Charleston, SC

August 29, 2025.

**MORGAN & MORGAN, P.A.**
By:     /s/Jonathan Graham
Jonathan D. Graham
Bar No. 105763
E-Mail: jgraham@forthepeople.com
4401 Belle Oaks Drive, Suite 300,
North Charleston, SC 29405
(843) 947-6063
*Counsel for Plaintiff*