IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION
CIVIL ACTION NO.: 5:25-CV-13915-MGL

| | |
|---|---|
| Raul Bedoya, | ) |
| Plaintiff, | ) **PLAINTIFF'S MOTION FOR REMAND** |
| vs. | ) |
| Anthony Dean Denker and Denker Logistics, LLC, | ) |
| Defendants. | ) |

## Introduction

This matter arises out of a motor vehicle collision wherein Anthony Denker, while driving a truck owned by Denker Logistics, LLC ("DL"), struck Raul Bedoya's vehicle, lacerating Bedoya's liver and sending him for an extended hospital stay. On November 5, 2025, Bedoya's counsel provided Defendants with $26,368.47 in medical bills related to this crash. These medical bills constituted "other papers" from which it was "ascertain[able] that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3). On December 18, 2025, Defendants filed this notice of removal—43 days after receiving those medical bills, and almost two weeks after the mandatory 30-day window for removal had passed. Because Defendants' removal is not timely filed, Bedoya asks this Court to remand this action to the Orangeburg County Court of Common Pleas.

## Factual and Procedural History

On June 13, 2025, Denker was driving a commercial motor vehicle as an employee of DL, hauling heavy equipment through Orangeburg County, South Carolina. Denker was traveling on Interstate 26 when he failed to stop his vehicle in time and struck the rear-end of Bedoya's pickup truck. When Bedoya sought medical treatment for his injuries, imaging revealed a laceration of his liver, necessitating an extensive—and expensive—hospital stay.

1

On August 29, 2025, Bedoya filed a Summons and Complaint in the Orangeburg County Court of Common Pleas, Case Number 2025-CP-38-01280. *See* State Court Complaint, ECF # 1-1. In the State Court Complaint, Bedoya alleges ongoing damages and "prays for judgment against the defendants for both actual and punitive damages," but does not specify the amount sought. *See* Notice of Removal, ECF # 1, at ¶ 1. Bedoya subsequently served Denker and DL. *See* Notice of Removal, ECF # 1, at ¶ 1 (noting service upon the Defendants).

Defendants answered, admitting at least some liability for the crash. *See, e.g.*, Amended Answer, ECF # 1-2, at ¶ 7 ("Defendants admit that the driver['s] … actions contributed to the subject accident[.]"). They also admitted that Bedoya is a citizen and resident of South Carolina, while Defendants are citizens and residents of North Carolina. Amended Answer, ECF # 1-2, at ¶¶ 1–3. *Cf.* State Court Complaint, ECF # 1-1, at ¶¶ 1–3; Notice of Removal, ECF # 1, at ¶¶ 2–3.

On November 5, 2025, Defendants served Bedoya's counsel with Interrogatories and Requests for Production, as well as responses to some of Bedoya's initial discovery requests. **Exhibit A**, Email Thread, at 1–2. Later that day, Bedoya's counsel responded provided Defendants with a link to Bedoya's medical bills and records related to the crash, together with an invitation to negotiate regarding the claim. **Exhibit A**, Email Thread, at 1. The medical bills provided totaled $26,368.47.[1]

After exchanging settlement negotiations primarily by phone call, Defendants and Bedoya reached an impasse. Bedoya's counsel communicated Bedoya's last settlement offer, in excess of $75,000.00, during a phone call with Defendants' counsel on December 10, 2025. *See* Notice of Removal, ECF # 1, at ¶ 1. Defendants then filed their Notice of Removal on December 18, 2025, invoking this Court's diversity jurisdiction. *See generally* Notice of Removal, ECF # 1. Defendants

---

[1] Due to a clerical error, Bedoya's counsel incorrectly stated that Bedoya had almost $32,000 in medical bills.

state that December 10, 2025, is the first time they became aware that the amount in controversy exceeded $75,000.00, thus making the action removable. Notice of Removal, ECF # 1, at ¶¶ 1 & 5.

## Relevant Legal Standards

A defendant may remove a case from state court to federal court only when the federal court has original jurisdiction over the case. 28 U.S.C. 1441(a). "Federal courts have original jurisdiction over two types of cases: federal questions under 28 U.S.C. § 1331, and diversity actions in accordance with 28 U.S.C. § 1332." *Ford v. Washam*, No. CV 5:23-04719-MGL, 2024 WL 340788, at *1 (D.S.C. Jan. 30, 2024). Diversity jurisdiction encompasses cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1).

A defendant must file the notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). A defendant may exceed that 30-day limitation only when the initial pleading did not state a removable case. 28 U.S.C. § 1446(b)(3). In that case, the defendant is afforded another 30-day period to file a notice of removal, which begins at "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper through which it may first be ascertained that the case is one which is or has become removable." *Id.* "Other paper" need not be part of the state court record—instead, it "include[s] any information received by the defendant, whether communicated in a formal or informal manner." *Yarnevic v. Brink's Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) (citations omitted). The 30-day window for removal cannot be enlarged, and an untimely filed removal must be remanded. *See, e.g.*, *Casey v. Yusupov*, No. 2:25-CV-12701-DCN, 2025 WL 3199136, at *1 (D.S.C. Nov. 14, 2025).

"[S]ignificant federalism concerns" require courts to "strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

## Argument

The parties agree that Bedoya and the Defendants are from different states. The parties also agree that the amount in controversy exceeds $75,000, exclusive of costs and interest. But, if Defendants have not timely filed their Notice of Removal, this procedural defect requires the Court to remand this case to the Orangeburg County Court of Common Pleas. *See, e.g.*, *Casey*, 2025 WL 3199136, at *1–2 (noting that the "30-day window" afforded by 28 U.S.C. § 1446(b) is mandatory and "cannot be extended by consent of the parties or by court order" and untimely removal "is grounds for immediately remanding a removed case to state court[.]"). Thus, this Court's decision hinges on a single question: When did the Defendants first become aware that this case was removable?

The answer: November 5, 2025, when Defendants received medical bills demonstrating the actual damages in this case totaled more than $26,000. The medical bills constitute "other paper" within the ambit of 28 U.S.C. section 1446(b)(3), because they are "information received by the defendant, … communicated in [an] … informal manner." *Cf. Yarnevic*, 102 F.3d at 755. In *Barker v. Washington Nat'l Ins. Co.*, for instance, this Court considered a pre-suit letter from a plaintiff indicating he believed $39,508.88 was due under a contract of insurance as its basis for calculating the amount in controversy. No. 9:12-CV-1901-PMD, 2013 WL 767620, at *1–2 (D.S.C. Apr. 24, 2013).

Further, Defendants could ascertain from the medical bills that the amount in controversy exceeded $75,000 when considered with Bedoya's complaint. More than 25 years ago, this Court held that the amount in controversy requirement was satisfied by a claim for actual damages of $25,000 together with a plea of punitive damages. *See Thompson*, 32 F.Supp.2d at 847–48 (holding there was "no dispute that the amount in controversy … exceeds" $75,000 where a plaintiff had alleged $25,000

4

in actual damages together with punitive damages). More recently, this Court held that actual damages in the amount of just $11,184.09, together with claims for ongoing harm and punitive damages, could "reasonably exceed the jurisdictional amount." *Clear Choice Constr., LLC v. Travelers Home & Marine Ins. Co.*, No. CV 0:17-1890-MBS, 2018 WL 718960, at *4 (D.S.C. Feb. 6, 2018). In *Clear Choice*, the plaintiffs alleged that the defendant insurance company had paid just $5,917.73 of the $17,101.82 the defendant insurance company owed the plaintiffs, leaving a balance of $11,184.09 due. *Id.* at *1. The plaintiffs' complaint indicated that they sought punitive damages and "continued to suffer actual and consequential damages in an amount to be determined." *Id.* at *4. Given the allegations in the complaint, this Court found "a reasonable probability that [the plaintiffs] could recover in excess of $75,000." *Id.*; *cf. Baker*, 2013 WL 1767620, at *2 (noting that, given actual damages of at least $40,000, combined with "punitive damages, attorney's fees, and costs …, the total amount in controversy exceeds $75,000").

Here, Defendants were aware that Bedoya's medical bills alone exceeded $25,000 on November 5, 2025. Defendants had also received Bedoya's Complaint, which alleged Bedoya was suffering ongoing damages and sought actual, consequential, and punitive damages. *See, e.g.*, State Court Complaint, ECF # 1-1 at ¶¶ 18–20, & Prayer for Relief at p. 9. Should Bedoya prevail on his claim, the verdict would almost certainly exceed $75,000—even a verdict that included just $26,000 for past medical expenses, an additional $26,000 for pain and suffering, and an additional $26,000 for punitive damages would exceed $75,000. *Cf. Meadows v. Nationwide Mut. Ins. Co.*, No.1:14-CV-04531-JMC, 2015 WL 3490062 (D.S.C. June 3, 2015) ("Subjecting [p]laintiff's claims in her demand letter alone to treble damages brings the amount in controversy to $68,370.00, independent of [p]laintiff's claims for punitive damages and attorneys fees."). Thus, when Defendants received the medical bills, they could have ascertained that the amount in controversy reasonably exceeded $75,000 and should have filed

their Notice of Removal no later than December 5, 2025. *Cf.* 28 U.S.C. § 1446(b)(3). Instead, Defendants filed their Notice of Removal almost two weeks beyond the 30-day deadline

  Because Defendants did not file their Notice of Removal within 30 days of receiving the "other papers" from which they were first able to ascertain that this case was removable, Bedoya asks this Court to remand this matter to state court. Pursuant to Local Rule 7.04, as this Motion contains a full explanation of its grounds, Plaintiff does not intend to file any further memorandum of law unless directed by the Court.

                     **MORGAN & MORGAN, P.A.**

                      By: /s/Jonathan D. Graham
                      Jonathan D. Graham
                      Federal Bar No. 13969
                      E-Mail: jgraham@forthepeople.com
                      4401 Belle Oaks Drive, Suite 300,
                      North Charleston, SC 29405
                      (843) 947-6063
                      *Attorney for Plaintiffs*

December 31, 2025.