IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Raul Bedoya, ) | |
| ) | C/A No.: 5:25-cv-13915-MGL |
| Plaintiff, ) | |
| ) | **DEFENDANT'S RESPONSE TO PLAINTIFF'S** |
| vs. ) | **MOTION FOR REMAND** |
| ) | |
| Anthony Dean Denker and Denker Logistics, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Defendants, Anthony Dean Denker and Denker Logistics, LLC, above-named, and through the undersigned counsel, provide the following in response to Plaintiff's Motion to Remand:

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 13, 2025, Plaintiff Raul Bedoya and Defendant Anthony Denker (hereinafter "Defendant Denker") were involved in a rear-end collision on I-26 W in Orangeburg, SC. Defendant Denker was driving a commercial motor vehicle as an employee of Defendant Denker Logistics, LLC. The collision was minor in nature. The responding officer noted that Plaintiff's vehicle sustained approximately $2,000.00 in property damage and Defendant Denker's vehicle sustained approximately $1,000.00 in property damage.

After the collision, Plaintiff presented to a local hospital complaining of right lower quadrant abdominal pain and low back pain. A CT of the chest/abdomen/pelvis revealed a grade II liver laceration. Plaintiff was transferred to another local hospital for observation but was discharged the next day. Plaintiff's medical bills from these services total $26,368.47. Upon information and belief, Plaintiff has received no other treatment in relation to injuries he may have

1

sustained in this accident.

Plaintiff filed his Summons and Complaint in the Orangeburg County Court of Common Pleas on August 29, 2025. Plaintiff's Complaint did not specify the amount of damages he sought. On November 5, 2025, Plaintiff's counsel provided to Defendant via email the medical bills and records for the treatment outlined above and invited negotiation. On December 10, 2025, in a phone call with defense counsel, Plaintiff's provided a final settlement offer in excess of $75,000.00. Defendants filed their Notice of Removal on December 18, 2025, within 30 days after first ascertaining that the case was removable.

## LEGAL STANDARD

A defendant must file the notice of removal within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 USC § 1446(b)(1). The statute continues on to state that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable". *Id*. § 1446(b)(3).

## DISCUSSION

Both parties acknowledge that this matter is removable to federal court. This Court has original jurisdiction in accordance with 28 U.S.C. § 1332 as Plaintiff and Defendants are from different states and the amount in controversy exceeds $75,000.00. Plaintiff contends that Defendants' Notice of Removal was untimely because Defendants filed the Notice of Removal more than thirty (30) days after Plaintiff's counsel provided defense counsel with medical bills

2

totaling $26,368.47. Defendants contend that the provision of the medical bills, which do not meet the jurisdictional requirement, was not sufficient to place Defendants on notice that the case was removable. Instead, Defendants were first able to ascertain that the case was removable once Plaintiff's counsel made clear that the Plaintiff's "final" demand was in excess of $75,000.00.

As an initial matter, the four corners of Plaintiff's Complaint did not indicate that the case was subject to removal. Plaintiff did not specify the amount in controversy or provide any indication of the amount of medical bills incurred by the Plaintiff. Relying simply on Plaintiff's intention to seek "compensatory, consequential, and punitive damages" is insufficient for a defendant to ascertain that the amount in controversy exceeds $75,000.00. Numerous courts in this district have found that Plaintiffs' plea for unspecified punitive damages in their Complaint did not establish the jurisdictional minimum had been met such that Defendant could ascertain the case was removable at the time of its filing. Mathianas v. Progressive N. Ins. Co., 2025 U.S. Dist. LEXIS 32472, 2025 WL 583110 (D.S.C. February 24, 2025); *See, e.g.,* Hamilton v. Ocwen Loan Servicing, LLC, No. 9:12-CV-03111-PMD, 2013 U.S. Dist. LEXIS 16470, 2013 WL 499159, at *6 (D.S.C. Feb. 7, 2013)("Plaintiffs' request for punitive damages alone does not show that the jurisdictional minimum has been met."); SND Props. v. CMH Homes, Inc., No. 1:22-CV-02158-SAL, 2022 U.S. Dist. LEXIS 233094, 2022 WL 17976781, at *3 (D.S.C. Dec. 28, 2022) ("[T]he mere existence of punitive damages will not establish to a 'legal certainty' or 'reasonable probability' that the amount in controversy exceeds $75,000.00.") (citation omitted).

Furthermore, Plaintiff contends that a verdict in this case "would almost certainly exceed $75,000.00" and that, after receiving the medical bills, "Defendants … could have ascertained that the amount in controversy reasonably exceeded $75,000.00." *See* Plaintiff's Motion for

3

Remand, p. 5. This contention is unfounded. The only medical treatment received by the Plaintiff consists of emergency room and hospital treatment within approximately twenty-four (24) hours of the accident. The Plaintiff was discharged to go home on the day after the motor vehicle accident. A substantial amount of the medical bills relate to diagnostic testing or hospital admission and observation, not hands-on treatment. Looking squarely at what was presented, there was little evidence contained within the information provided by Plaintiff's counsel of Plaintiff's "pain and suffering" or other noneconomic damages.

The Fourth Circuit has been clear that courts are not required "to inquire into the subjective knowledge of the defendant . . ." but should "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal. . .". Lovern v. GMC, 121 F.3d 160, 162 (4th Cir. 1997). Neither the four corners of Plaintiff's Complaint nor the medical bills provided indicated to Defendants that the amount in controversy exceeded $75,000.00. Plaintiff's counsel made clear on December 10, 2025, that the amount in controversy was in excess of $75,000.00 when he made a final, verbal demand of more than $75,000.00 in negotiations with defense counsel. Eight (8) days later, Defendants filed the Notice of Removal within the thirty (30) day period provided by 28 U.S.C. § 1446(b)(3) after first ascertaining that the matter in controversy exceeded $75,000.00, placing the case squarely within the jurisdiction of this Court.

## **CONCLUSION**

Based on the above, Defendants submit that their Notice of Removal was timely filed and in accordance with 28 U.S.C. § 1446. Defendants request that the Plaintiff's Motion to Remand be denied and the matter remain in this Court.

4

                              AIKEN, BRIDGES, ELLIOTT, TYLER
                                              & SALEEBY, P.A.

By: **s/James M. Saleeby, Jr.**
     JAMES M. SALEEBY, JR.
     Federal I.D. No.:　6715
     181 East Evans Street, Suite 409
     Post Office Box 1931
     Florence, S.C. 29503
     Phone: (843) 669-8787
     Fax:　　(843) 664-0097
     jms@aikenbridges.com

Florence, South Carolina       ATTORNEY FOR THE DEFENDANTS
January ___, 2026