IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Raul Bedoya, | ) |
|  | ) Civil Action No.: 5:25-cv-13915-MGL |
| Plaintiff, | ) |
|  | ) |
| vs. | ) **PLAINTIFF'S RESPONSES TO LOCAL** |
|  | ) **RULE 26.03 INTERROGATORIES** |
| Anthony Dean Denker and Denker Logistics, LLC, | ) |
|  | ) |
| Defendants. | ) |

Plaintiff Raul Bedoya responds to Local Rule 26.03's interrogatories as follows:

1. A short statement of the case.

**RESPONSE:**

**On June 13, 2025, Bedoya was operating a pickup truck and slowed his vehicle down to match traffic ahead of him. Defendant Anthony Denker, driving a vehicle behind Bedoya, failed to slow his vehicle appropriately. Denker struck the rear of Bedoya's pickup truck. Bedoya went to the emergency room where it was discovered that the crash had lacerated Bedoya's liver; he was then transferred to another hospital for monitoring. Bedoya now seeks recovery for Defendant Denker's negligence, as well as Defendant Denker Logistics's negligence in hiring, training, retaining, and supervising Defendant Denker.**

2. The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE:**

**1) Raul Bedoya**

**Bedoya will testify regarding the crash and his subsequent treatment and recovery.**

**2) Anthony Denker**

**Defendant Denker is expected to testify regarding the crash.**

**3) Denker Logistics through its corporate designee**

**Defendant Denker Logistics is expected to testify to its hiring, training, retention, and supervision of Defendant Denker, as well as its understanding of the crash.**

1

**4) Trooper A.T. Snell, South Carolina Highway Patrol**

**Trooper Snell is expected to testify regarding his investigation of the crash.**

3.    The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field expertise should be given as to experts likely to be offered.)

**RESPONSE:**

**Plaintiff has not retained any expert witnesses at this time. Plaintiff may call one or more of his treating physicians to testify regarding his treatment.**

4.    A summary of the claims or defenses with statutory and/or case citations supporting same.

**PLAINTIFF'S RESPONSE:**

**I.    Claims against Defendant Denker.**

**Plaintiff asserts claims for both negligence *per se* and negligence against Defendant Denker.**
         **a. Negligence *per se***

**Under South Carolina law, negligence *per se* requires a showing that "a party violated a statute which has the essential purpose of protecting persons such as the injured party from the kind of harm suffered." *Gulledge v. McLaughlin*, 492 S.E.2d 816, 819 (S.C. Ct. App. 1997). South Carolina law requires drivers to control their speed "to avoid colliding with a person, vehicle, or other conveyance on or entering the highway." S.C. Code Ann. § 15-5-1520(A).**

         **b. Negligence**

**To prove negligence, a Plaintiff must establish "(1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately caused by a breach of duty." *Vinson v. Hartley*, 477 S.E.2d 715, 720 (S.C. Ct. App. 1996).**

**II.    Claims against Defendant Denker Logistics.**

**Plaintiff asserts claims for both vicarious and direct liability against Defendant Denker Logistics.**

        **a. Vicarious liability claims—*respondeat superior***

**South Carolina law holds employers vicariously liable for their employees' actions when the employees act within the scope of their employment. *See, e.g., Austin v. Specialty Transp. Servs., Inc.*, 594 S.E.2d 867 (S.C. Ct. App. 2004).**

        **b. Direct liability claims—negligent hiring, supervision, or training.**

**"In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee[.]" *James v. Kelly Trucking Co.*, 661 S.E.2d 329, 330 (S.C. 2008). When an employee's negligent conduct occurs within the scope of his employment, no evidence of intentionality is necessary to prove liability—"the key question is whether the employer knew or should have known of the danger the employee posed to others." *See Holcombe v. Helena Chemical Co.*, 238 F.Supp.3d 767, 772–73 (D.S.C. 2017) (analyzing *Degenhart v. Knights of Columbus*, 420 S.E.2d 495 (1992) and *James v. Kelly Trucking*, supra).**

        **c. Direct liability claims—negligent selection of an independent contractor.**

**"[T]he principal in an independent contractor relationship may be subject to liability for physical harm proximately caused by the principal's own negligence in selecting the independent contractor." *Ruh v. Metal Recycling Servs., LLC*, 889 S.E.2d 577 (S.C. 2023).**

5.    Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:

    (a) Exchange of Fed. R. Civ. P. 26(a) expert disclosures; and
    (b) Completion of discovery.

**RESPONSE:**

**(a) Plaintiff, April 29, 2026; Defendants, May 29, 2026 – as set forth in the Proposed Amended Scheduling Order.**
**(b) July 31, 2026 – as set forth in the Proposed Amended Scheduling Order.**

6.    The parties shall inform the Court whether special circumstances that would affect the time frames applied in preparing the scheduling order.

**RESPONSE:**

**None at this time.**

7. The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**RESPONSE:**

**Not applicable.**

|  | **MORGAN & MORGAN, P.A.** |
|---|---|
|  | By:　/s/Jonathan Graham |
|  | Jonathan D. Graham |
|  | State Bar No. 105763 |
|  | Federal Bar No. 13969 |
|  | E-Mail: jgraham@forthepeople.com |
|  | 4401 Belle Oaks Drive, Suite 300, |
| Charleston, SC | North Charleston, SC 29405 |
|  | (843) 947-6063 |
| January 20, 2026 | *Counsel for Plaintiff* |